**BRIANT vs. MARSH.**

APPEAL FROM THE COURT OF THE FIFTH DISTRICT, FOR THE PARISH OF ST. MARTIN, THE JUDGE THEREOF PRESIDING.

BRIANT
vs.
MARSH.

Atcual idiocy might,perhaps, be deemed a redhibitory vice in a slave; although not specially named in the code ; but such a defect would be so apparent to an ordinary observer as to bring the case within the article 2497 of the La. Code.

When the testimony of the witnesses are contradictory and the evidence nearly balanced, the opinion of the judge *a quo* will have great weight.

This is an action on several promissory notes of the defendant claiming a balance as due thereon of $2367 24, with ten per cent. interest.

The defendant admitted the execution of the notes and that he had paid $1500 in a draft ; leaving a balance of $880 unpaid ; that said notes were given for the price of two slaves who are liable to the redhibitory vice of runaways ; and are so worthless that had he known it, he would not have purchased. He prays that the sale be cancelled and that the plaintiff be required to take said slaves back and pay him $500 for medical attendance, expenses, &c., and return him his notes and draft ; or if the sale is not cancelled that he be allowed a diminution of price as in case of *quantii minoris*, &c.

The district judge presiding was of opinion the plaintiff had fully made out his case and proved his demand, and that the defendant had failed in establishing his defence. There was judgment in favor of the plaintiff for $880, with ten per cent. interest ; being the balance due on the notes in suit. The defendant appealed.

*Voorhies*, for plaintiff.

*Morse*, for defendant.

1. This is an action of redhibition in the sale of slaves ; the disease is proven to have existed within a few days after the sale, two physicians declare that it must have been constitu-

WESTERN DIS.
September, 1841.

tional, and five or six witnesses swear that the slave Mary Ann is worth absolutely nothing.

BRIANT
vs.
MARSH.

2. The court erred in allowing the answer of Vincent Ternan to be read, he being one of the heirs of the estate whence the negroes came and really plaintiff in this cause.

*Garland, J.* delivered the opinion of the court.

The defendant being sued on several promissory notes, pleads a failure of consideration; they being given to secure the price of two slaves purchased by him at the sale of the succession of the late Madame Ternan. These slaves, he alleges, are in the habit of running away, and one of them is so deficient in intellect as to be nearly useless.

In the court below no evidence was offered to prove the slaves were *runaways.* As to the question of imbecility of one of the slaves, a number of witnesses were examined; among those on the part of defendant, were two physicians, who examined the girl, and were of opinion she had very little sense, so little, they stated, that they would not accept her as a gift. On the part of plaintiff, a number of witnesses testify that the girl has as much sense as persons of her condition ordinarily have. Some of these witnesses have known the girl for a number of years, and say they never observed or heard of her being an idiot or so entirely void of understanding as to be useless. The opinions of the witnesses vary widely, and from their respectability and number, the testimony is nearly balanced.

*Actual idiocy might, perhaps, be deemed a redhibitory vice in a slave; altho' not specially named in the code; but such a defect would be so apparent to an ordinary observer as to bring the case within the article 2497 of the La. Code.*

It is very difficult if not nearly impossible to fix a standard of intellect by which slaves are to be judged; hence we must adhere as closely as justice will permit, to the letter of the law, and not extend the cases of relative vices too far. Madness is an absolute redhibitory vice, and actual idiocy may perhaps be so considered, although not specially named; La. Code, art. 2502. But such a defect as that, would, we think, be so apparent to an ordinary observer, as to bring the case within the art. 2497 of the code.

When the facts detailed by witnesses are contradictory and the evidence nearly balanced, we always give much weight to the opinion of the judge who heard the witnesses and saw their manner of testifying. In this case his opinion is in favor of the plaintiff, and we do not see in it such error as to make our interference necessary.

The judgment of the District Court is therefore affirmed with costs.

WESTERN DIS. September,1841.

When the testimony of the witnesses are contradictory and the evidence nearly balanced, the opinion of the judge *a quo* will have great weight.